**William Cook HOLLOWAY, # 183814,**

v.

**Thomas R. CORCORAN and the Attorney General of the State of Maryland.**

**Civil Action No. S–97–3409.**

United States District Court,
D. Maryland.

Oct. 14, 1997.

---

1. In attachments to his application, petitioner again asserts that his guilty plea was not knowingly and intelligently given due to (1) false information provided by his attorney and (2) the failure of the trial judge to inform him of the consequences of his plea and that he, the judge, was not bound by the terms of the State's agreement. (Paper No. 1 at Attachments.)

---

William Cook Hollway, Baltimore, MD, pro se.

J. Joseph Curran, Atty. Gen. of Maryland, Baltimore, MD, for Respondents.

### *MEMORANDUM*

SMALKIN, District Judge.

On October 8, 1997, petitioner William Cook Holloway, a State inmate confined at the Maryland House of Correction Annex in Jessup, Maryland, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1986 conviction in the Circuit Court for Baltimore County on first degree rape for which he received a life sentence. (Paper No. 1.) Holloway submits the following challenges to his conviction:

1. He received ineffective assistance of trial counsel when his attorney provided him false information regarding the length of his sentence for pleading guilty and failed to offer any defense;[1]

2. The trial judge failed to properly advise him of the sentence consequences of his guilty plea; and

3. He received ineffective assistance of post-conviction counsel due to her failure to argue trial judge error at the sentencing stage.[2]

---

2. Listed as a fourth ground is petitioner's "statement of non–waiver" in which he claims that his other three grounds were not knowingly waived or abandoned. (Paper No. 1 at 4, § D.)

Because he appears indigent, petitioner shall be granted leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(a).

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996 into law. Among the chances made by this law was the addition of a one year statute of limitations in non–capital cases for persons convicted in a state court. *See* 28 U.S.C. § 2244(d).[3]

The statute is silent as to how the aforementioned statute of limitations provision should be applied to persons such as Holloway whose conviction was finalized before April 24, 1996. The most generous construction possible is that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Calderon v. United States District Court for the Central District of California,* 112 F.3d 386, 389 (9th Cir. 1997); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) *rev'd on other grounds,* — U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Duarte v. Hershberger,* 947 F.Supp. 146, 149 (D.N.J.1996); *Flowers v. Hanks,* 941 F.Supp. 765, 771 (N.D.Ind.1996).

This petition was not filed until October 8, 1997, over five months after the April 24, 1997 deadline for persons with convictions prior to the effective date of the Act. Therefore, the statute of limitations period and tolling provisions set out in § 2244 apply to Holloway's application. Consequently, as a threshold consideration, this Court must examine whether the instant application is time–barred.

The application plainly indicates that no direct appeal was filed with the Maryland Court of Special Appeals in 1986. Holloway did, however, subsequently file a post-conviction petition pursuant to the Maryland Uniform Post–Conviction and Procedure Act, which was denied in February 1991. (Paper No. 1 at 3, § 11(b).) No appeal was immediately taken from that decision. It appears that petitioner recently filed an application for leave to appeal with the Maryland Court of Special Appeals. The application was denied September 24, 1997. (*Id.* at 3, § 11(c).)

Clearly the application is time–barred. Holloway's post-conviction process was completed in 1991. The filing of his recent appellate application, some ten to eleven years after his conviction and some six years after the completion of his post–conviction process,[4] does not act to toll the limitations period set out in § 2244(d).[5] The application

---

3. This section provides:
   (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States or removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented court have been discovered through the exercise of due diligence.
   (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4. Maryland Rule 8–204 requires that an application for leave to appeal to the Maryland Court of Special Appeals be filed within 30 days after the entry of judgment or order from which the appeal is sought. Petitioner's recent appellate application was plainly not filed in a timely manner.

5. While there is relatively little case law or legislative history to help district courts determine what constitutes "a properly filed application," as used in the Antiterrorism and Effective Death Penalty Act [AEDPA] provision allowing for the tolling of the one year period for filing a writ of habeas corpus seeking relief from a state court conviction due to the filing of a collateral review application, courts generally focus on time, place, and procedural requirements when addressing properly filed claims. At least one district court has construed "properly filed" to mean that "[i]n order to trigger the tolling mechanism, a petitioner's collateral review application must be submitted in accordance with any applicable procedural requirement, such as notice to the respondent, correct place of filing, and time-

was filed well after the one year limitations period had run and shall consequently be dismissed.

A separate Order shall be entered in compliance with this ruling.

### ORDER

In accordance with the foregoing Memorandum, IT IS this 14th day of October, 1997, by the United States District Court for the District of Maryland hereby ORDERED:

1. That petitioner IS GRANTED leave to proceed *in forma pauperis;*

2. That the instant 28 U.S.C. § 2254 habeas corpus application IS DISMISSED as time-barred;

3. That the Clerk of the Court CLOSE this case; and

4. That the Clerk of the Court MAIL a copy of this Order, together with the foregoing Memorandum, to the petitioner.

liness of the motion." *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997). Such a construction would support the finding set out herein.