Leonard MOORE, Petitioner,

v.

John HAWLEY, Respondent.

No. CIV.A. 97–CV–74558–DT.

United States District Court,
E.D. Michigan,
Southern Division.

May 29, 1998.

---

Leonard Moore, Marquette, MI, pro se.

Janet A. Van Cleve, Asst. Atty. Gen., Habeas Corpus Division, Lansing, MI, for respondent.

### OPINION AND ORDER

DUGGAN, District Judge.

#### I. Introduction

Before the Court are: petitioner Leonard Moore's *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2254, respondent's motion to dismiss the petition for failure to comply with the statute of limitations, petitioner's motion for production of transcripts and documents, and petitioner's motion to deny respondent's motion to dismiss and grant habeas relief. Petitioner is presently incarcerated at the Marquette Branch Prison in Marquette, Michigan, where John Hawley is the warden.

On September 30, 1986, petitioner was convicted of arson after a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to two to twenty years for this offense. Petitioner's direct appeal was concluded on April 25, 1989, when the Michigan Supreme Court denied leave to appeal. Petitioner did not apply for a writ of certiorari in the United States Supreme Court.

On October 20, 1997, the Court received the pending habeas corpus petition in which petitioner raises the following four claims:

I. PREJURY [sic] TESTIMONY BY 2 PROSECUTOR'S STATE WITNESSES.

II. DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL [WHERE COUNSEL] DID NOT BRING PREJURY [sic] TESTIMONY OF 2 STATE WITNESSES TO JUDGE'S ATTENTION.

III. CONVICTION OBTAINED BY PREJURY [sic] FALSE STATEMENTS BY BOTH 2 STATE WITNESSES.

IV. 180–DAY RULE.

Form Petition at 5–6.

Respondent argues in a motion to dismiss filed through counsel that the Court should dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1).

#### II. Discussion

##### A. The Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. The AEDPA applies to the case at bar because petitioner filed his habeas petition after the effective date of the act, April 24, 1996. *Lindh v. Murphy*, —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

The AEDPA amended 28 U.S.C. § 2244 to include a one-year time limit or statute of limitations for filing a petition for a federal writ of habeas corpus challenging a state court conviction or sentence. *Calderon v. United States District Court for the Central District of California*, 112 F.3d 386, 387–90 (9th Cir.1997). Section 2244(d) reads as follows:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Previously, no specific statute of limitations provision governed the filing of habeas corpus petitions, although Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts allowed dismissal on the grounds of laches if the state had been prejudiced by the delay of the petition.

Pursuant to subsection 2244(d)(1)(A), the only applicable subsection, petitioner was required to file his habeas petition within one year of the date that direct review of his claims became final. According to respondent, the Michigan state appellate courts completed direct review of petitioner's conviction on April 25, 1989, when the Michigan

Supreme Court denied leave to appeal.[1] Petitioner's conviction became final 90 days later when the deadline expired for seeking a writ of certiorari in the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); Sup.Ct. R. 13(1); *Lambrix v. Singletary*, 520 U.S. 518, 117 S.Ct. 1517, 1525, 137 L.Ed.2d 771 (1997); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). Thus, petitioner's conviction became final on July 24, 1989.

Petitioner signed his initial petition on August 27, 1997. The petition was received in the Clerk's Office for this District on September 8, 1997. That petition was returned to petitioner, because he had failed to include the necessary documentation to support his application for *in forma pauperis* status and he also failed to include three copies of his original petition. In addition to returning the petition, the Clerk's Office sent petitioner a letter listing the deficiencies in his initial submission and provided him with a form petition to complete.

Petitioner resubmitted his petition correcting the noted deficiencies, together with the completed form petition. Petitioner signed the form petition on September 9, 1997. The resubmitted petition, newly submitted form petition, copies, and supporting financial documents were received by the Clerk's Office on October 20, 1997.

■ Statutes of limitation do not violate the Constitution if they provide litigants with a reasonable time after the statute takes effect to begin a suit on an existing cause of action. *Wilson v. Iseminger*, 185 U.S. 55, 63, 22 S.Ct. 573, 46 L.Ed. 804 (1902); *Block v. North Dakota*, 461 U.S. 273, 286, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). Courts agree that prisoners should be given a "reasonable time" following the passage of AEDPA to present accrued claims before a federal district court for habeas review. *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997). Most circuit courts considering the issue have determined that prisoners should be granted

---

1. Petitioner contends that he "concluded his Michigan Supreme Court appeal on November 1991." (Pet.'s Reply Br. at 5.) Even if this is in fact the correct date of completion of direct review, the Court's decision in this case remains the same.

one year (the time of the new limitations period) from the effective date of the AEDPA (April 24, 1996) to comply with the new limitations period. That is, no petition presenting claims that had accrued on or before April 24, 1996, may be considered untimely under the new time limit if filed on or before April 23, 1997. *See Calderon* 112 F.3d at 389; *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997)(holding that "the one-year limitations period reflected in the amended 28 U.S.C. § 2255 is ... a reasonable time for prisoners to bring § 2255 motions whose convictions became final before the [AEDPA] took effect."); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996)(finding that "the 'reasonable time' after April 23, 1996, and the one-year statutory period coalesce" and concluding that "no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d)...."), *reversed on other grounds,* 521 U.S. at ——, 117 S.Ct. at 2068; *but see Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997)(stating that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA," but not providing any other time frame for guidance.).

■ This Court concludes that one year after the effective date of the AEDPA is a reasonable time for filing a habeas corpus action that challenges convictions or sentences based on final judgments rendered before the AEDPA's enactment. Therefore, this Court concludes that "AEDPA's one-year time limit [does] not begin to run against any state prisoner prior to the statute's date of enactment" and "[n]o petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply" with § 2244(d). *Calderon,* 112 F.3d at 389.

### B. Equitable Tolling and Petitioner's Allegations and Arguments

■ "Equitable tolling stops the running of the statute of limitations in light of estab-

lished equitable considerations." *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1125 (3d Cir.1997). At least one federal appellate court has concluded that the statute of limitations period set forth in § 2244(d) is subject to equitable tolling. *Calderon,* 112 F.3d at 391. The United States Supreme Court has permitted equitable tolling when the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or when the complainant was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, neither "excusable neglect" nor ignorance of the law alone are sufficient to invoke equitable tolling. *Id.,* (excusable neglect); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991)(ignorance of the law); *see also Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991)(concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ..., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

᾽■ Although the Court concludes that the one-year statutory time limit set forth in § 2244(d) is subject to equitable tolling, the Court believes that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon,* 112 F.3d at 391.

Even if the Court were to apply the "mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988),[2] petitioner did not submit this petition until after August 27, 1997, the date that he signed his initial petition. Since August 27, 1997 is more than one year after the effective date of the AEDPA, petitioner's filing is not timely.

■ Petitioner makes a number of allegations, which he contends entitle him to equitable tolling of the statute of limitations.

---

**2.** *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), held that *pro se* prisoners' notices of appeal to the federal courts of appeal are considered filed at the moment of delivery for mailing to prison authorities.

The Court has carefully reviewed the petition and the supporting documentation and the Court is not persuaded that any of the "facts" asserted by petitioner warrant equitable tolling.

The petition before this Court was filed *in forma pauperis.* The United States Supreme Court has held that a civil rights complaint filed *in forma pauperis* may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. 1827; *see also Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Clearly baseless factual contentions include those which are fanciful or delusional. The Court concludes that these principles also apply to the factual allegations made concerning petitioner's conditions of confinement and his ability to file a timely habeas petition.

### III. Conclusion

█ Petitioner filed the pending habeas corpus petition over eight years after his conviction became final and over one year after the effective date of the AEDPA. The Court is not persuaded that petitioner is entitled to the benefit of the equitable tolling doctrine. Therefore, respondent's motion to dismiss based on the expiration of the statute of limitations must be granted. For the reasons set forth above,

IT IS ORDERED that respondent's motion to dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that petitioner's motion for production of documents is DENIED as moot.