Victor Lyle **HOOD**, Plaintiff,

v.

George **GALAZA**, Warden, Defendant.

No. 98–CV–843 H LAB.

United States District Court,
S.D. California.

Feb. 25, 1999.

**Order Adopting Report and Recommendation of Magistrate Judge; Denying Petition for Writ of Habeas Corpus**

HUFF, Chief Judge.

Petitioner in the above-entitled matter filed a petition for writ of habeas corpus under 28 U.S.C. section 2254. Respondent opposed the petition. On November 19, 1999, the magistrate judge in this matter issued a Report and Recommendation, recommending the petition be denied. On December 21, 1999, petitioner filed objections to the Report and Recommendation. On February 11, 1999, respondent filed a reply to petitioner's objections. After fully considering the papers filed and the law, the court adopts the Report and Recommendation issued by the magistrate judge and denies the petition for writ of habeas corpus.

### Background

Petitioner was convicted of second degree murder by a jury verdict on September 11, 1979, in the Superior Court for the County of San Diego. On November 2, 1979, petitioner was sentenced to fifteen years to life. On December 12, 1979, petitioner filed a notice of appeal with the California Court of Appeal. That court affirmed the judgment on April 21, 1981. On May 21, 1981, petitioner filed a petition for hearing with the California Supreme court. That petition was denied on July 8, 1981.

Petitioner took no further action until April 15, 1997, when he mailed a petition for writ of habeas corpus to the Kings

County Superior Court. The petition was rejected by Kings County on April 16, 1997, as it should have been filed in San Diego County Superior Court. On April 22, 1997, petitioner mailed his petition to San Diego Superior Court, and it was file-stamped on April 25, 1997. The San Diego Superior Court denied the petition on June 25, 1997.

On July 29, 1997, petition mailed his petition for a writ of habeas corpus to the California Court of Appeal. That petition was denied on August 19, 1997. Petitioner mailed his petition to the California Supreme Court on September 16, 1997. He received notice of the Supreme Court's denial of his petition on March 30, 1998.

Petitioner incorrectly mailed the instant habeas corpus petition to the United States District Court for the Eastern District of California on March 31, 1998. The petition was transferred to this court on May 4, 1998. On October 28, 1998, the court ordered additional briefing from respondent on the application of the "mailbox rule" to the petition. On November 18, 1998, the magistrate judge in this matter issued a Report and Recommendation, recommending that Hood's section 2254 petition for writ of habeas corpus be dismissed as time-barred, pursuant to 28 U.S.C. section 2244(d), *as amended* by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (eff.Apr. 24, 1996).

## DISCUSSION

### I. *Statutory Tolling*

Under the amendments to habeas corpus law effected by the AEDPA, state prisoners had at least until April 24, 1997 to file section 2254 motions challenging their conviction or sentence if the challenge arose prior to the enactment of the AEDPA. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds* by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) *(en banc)*.. The AEDPA amended 28 U.S.C. section 2244 by imposing a one-year

statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In pertinent part, Section 2244(d)(1) provides

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's time limit was intended to halt the unacceptable delay which has developed in the federal habeas process. *Beeler*, 128 F.3d at 1288 (9th Cir.1997).

Because petitioner Hood's conviction became final before the AEDPA's enactment, the one-year statute of limitations began to run on the AEDPA's effective date of April 24, 1996, giving petitioner until April 23, 1997, to file a federal petition for habeas corpus. However, the AEDPA also requires that "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2); *see Ashmus v. Calderon,* 977 F.Supp. 987, 992 (N.D.Cal. 1997).

■ Additionally, this court will apply the "mailbox rule" established in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to habeas corpus petitions filed under 28 U.S.C. section 2254. *See, e.g., James v. Madison Street Jail,* 122 F.3d 27 (9th Cir.1997) (applying *Houston* rule to the filing of trust account statements); *Schroeder v. McDonald,* 55 F.3d 454, 459 (9th Cir.1995) (applying *Houston* rule to the service of a Rule 59(e) motion); *Caldwell v. Amend,* 30 F.3d 1199, 1201 (9th Cir.1994) (applying the *Houston* rule to the filing of a Rule 50(b) motion); *Faile v. Upjohn Co.,* 988 F.2d 985, 988–89 (9th Cir.1993) (applying the *Houston* rule to the service of discovery responses). The "mailbox rule" provides that a prisoners' notice of appeal is considered filed when delivered to prison authorities for mailing to the court. *Houston,* 487 U.S. at 276, 108 S.Ct. 2379. Thus, this court will consider Hood's documents filed on the date they were handed to prison officials for mailing.

To determine whether petitioner Hood's petition is time-barred, the court finds he is entitled to the following tolling: (1) 0 days for the petition which was erroneously placed in the mail to the Kings County Superior Court on April 15, 1997 and rejected on April 16, 1997; (2) 64 days for the petition to the San Diego County Superior Court, which was placed in the mail on April 22, 1997, and denied on June 25, 1997; (3) 21 days for the petition to the California Court of Appeal, which was placed in the mail on July 29, 1997, and denied on August 19, 1997; (4) 195 days for the petition to the California Supreme Court, which was place in the mail on September 16, 1997, and which petitioner received notice of on March 30, 1998 (the record does not reflect the date of denial); and (5) 0 days for the present federal habeas corpus petition, which was erroneously mailed to the U.S. District Court for the Eastern District of California on March 31, 1998, and properly filed in the Southern District of California on May 4, 1998.

■ The text of section 2244(d)(2)'s tolling provision requires a petition to be "properly filed." *See Holloway v. Corcoran,* 980 F.Supp. 160, 161 (D.Md.1997), *quoting Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997). Hood is therefore not entitled to tolling for instances when he sent his petition to an incorrect place of filing,. Thus, although petitioner Hood erroneously sent his habeas corpus petition to the Kings County Superior Court, rather than the San Diego County Superior Court, he is not entitled to tolling for that time. Similarly, even though Hood sent his habeas corpus petition to the Eastern District of California, rather than the Southern District of California, he is not entitled to tolling for that time. Thus, petitioner is entitled to 280 days tolling, bringing the filing deadline for his petition to *January 28, 1998* (April 23, 1997 + 280 days). Because Hood did not file the instant habeas corpus petition until May 4, 1998, his petition is untimely.

Even if the petitioner is given the benefit of tolling for his incorrectly filed petitions, it would only bring the deadline 35 days forward, until March 4, 1998, and would not prevent his petition from being time-barred. Hood's petition, filed on May 4, 1998, would still be 61 days late.

Petitioner Hood also alleges the prison mail logs do not correctly reflect when he delivered documents to prison authorities for filing. Hood does not provide any evidence of this assertion, but even if the court were to accept it as true, it does not save his petition from being time-barred. If the court were to consider his petition as filed on the date Hood signed it, petitioner would gain four (4) days on his state court petition to the San Diego Superior Court; two (2) days on his petition to the California Court of Appeal, and one (1) day on his petition to the California Supreme Court, for a total of seven (7) days. Petitioner would still be late in filing his petition by 55 days.

■ Finally, petitioner is mistaken in his belief that the AEDPA statute of limitations should have been tolled continuously after petitioner filed his habeas corpus claim, from April 14, 1997, onward. The periods of time between the denial of one state petition and the filing of another state petition do not toll the statute. *See* 28 U.S.C. § 2244(d)(1); *Sperling v. White*, 30 F.Supp.2d 1246, 1249 (C.D.Cal. 1998). Therefore, the court finds that petitioner Hood has exceeded the AEDPA's statute of limitations and his petition for writ of habeas corpus is time-barred.

## II. *Equitable Tolling*

■ AEDPA's one-year statute of limitation is also subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.), *overruled in part on other grounds* by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) *(en banc)*. However, the Ninth Circuit in *Beeler* noted that:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id.* Petitioner has not alleged any "extraordinary circumstances" which would warrant the imposition of equitable tolling by this court.

■ Petitioner alleges that he experienced delays in photocopying materials and utilizing the prison law library services, and that he lacks the legal sophistication to pursue his habeas claim. However, none of petitioner's allegations constitute "extraordinary circumstances." *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998), *cert. denied*, —— U.S.

——, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998) (limited library access insufficient to establish extraordinary circumstances); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (prison lockdowns and reduced law library access not extraordinary circumstances); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (illiteracy and legal ignorance insufficient cause to lift procedural bar).

Petitioner also alleges the state courts "created" a delay by "erroneously den[ying] the petitions based on procedure...." Simply because petitioner was unprepared to address the conclusions of the state courts on habeas review does not constitute extraordinary circumstances. Similarly, petitioner argues that respondent raised new issues in its Rule 60 motion that it had not addressed in its answer. However, respondent did raise the issue of statute of limitations in its answer, filed July 21, 1998, and thus petitioner's claim of extraordinary circumstances is unfounded.

## III. *Evidentiary Hearing*

■ Petitioner Hood claims his petition should not be dismissed without an evidentiary hearing. Hood gives no basis for his claim. "An evidentiary hearing on a habeas corpus petition is required whenever a petitioner's allegations, if proved, would entitle him to relief, and no state court trier of fact has, after a full and fair hearing, reliably found the relevant facts." *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991). The facts of petitioner Hood's case were fully developed at his trial and have not changed since that time. As petitioner has not alleged facts which could entitled him to relief, there is no reason for this court to hold an evidentiary hearing. *See Greyson v. Kellam*, 937 F.2d 1409, 1412 (9th Cir.1991).

## IV. *Appointment of Counsel*

■ Petitioner alleges the magistrate judge in this matter should have appointed

counsel for him. However, as the magistrate judge correctly determined, there is neither a constitutional nor a statutory right to counsel in habeas proceedings; instead, whether to appoint counsel is committed to the discretion of the district court. *Pennsylvania v. Finley*, 481 U.S. 551, 555–557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.1986), *cert. denied*, 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986).

█ As noted by the magistrate judge, petitioner has demonstrated an ability to adequately understand and present the legal issues involved in his case. Petitioner Hood has consistently filed his briefs in a timely fashion and utilized pertinent case authority. The court sees no reason to disturb the holding of the magistrate judge, and does not find that appointment of counsel for Hood was necessary to prevent a due process violation.

### Conclusion

For the foregoing reasons, after fully considering the papers filed, the facts and the law, the court adopts the Report and Recommendation of the Magistrate Judge and denies the petition for writ of habeas corpus under 28 U.S.C. section 2254. This case is terminated.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION TO DISMISS PETITION WITH PREJUDICE

BURNS, United States Magistrate Judge.

Petitioner, Lyle Victor Hood, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to Title 28 of the United States Code section 2254. Respondent George Galaza filed an Answer to the petition, and Petitioner filed a Traverse. After fully considering all of the moving and opposing papers filed, it is ordered that the petition be **DISMISSED** with prejudice given that the petition is untimely under 28 U.S.C. § 2244(d)(1).

### Procedural Background

On September 11, 1979, a jury found Petitioner guilty of second degree murder, and he was sentenced to fifteen years to life on November 2, 1979. Lodgment No. 2, pp. 276, 279–80. On December 12, 1979, Petitioner filed a notice of appeal with the California Court of Appeals which affirmed the judgment in an unpublished opinion on April 21, 1981. Lodgment No. 19. On May 21, 1981, Petitioner filed a petition for hearing with the California Supreme Court which was denied on July 8, 1981. Lodgment Nos. 20, 21. Petitioner took no action on his case until April 15, 1997, when he mailed a petition for writ of habeas corpus to the Kings County Superior Court (Lodgment No. 27), which rejected the petition on April 16, 1997, because the petition should have been filed in San Diego County Superior Court. On April 22, 1997, Petitioner mailed his petition to the San Diego County Superior Court and it was file-stamped by the court on April 25, 1997. Lodgment Nos. 29, 23. On June 25, 1997, the San Diego County Superior Court denied the petition. Lodgment No. 24.

On July 29, 1997, Petitioner mailed a petition for writ of habeas corpus to the California Court of Appeal which denied the petition on August 19, 1997. Lodgment Nos. 27, 26. The record is unclear, but according to outgoing and incoming prison logs, it appears Petitioner mailed a petition for habeas corpus to the California Supreme Court on September 16, 1997 (Lodgment No. 27), and he received notice of the California Supreme Court's denial of his petition on March 30, 1998 (Lodgment

No. 28). The record does not reflect the date the California Supreme Court actually denied the petition.

Petitioner incorrectly mailed the instant habeas petition to the U.S. District Court, Eastern District, on March 31, 1998 (Lodgment No. 27), which was transferred and filed with this Court on May 4, 1998. This Court's initial review of Respondent's Answer to the petition indicated that the petition might be barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). Accordingly, on October 28, 1998, this court directed Respondent to expand the record to include prison mail logs and further brief the application of the "mailbox rule" to the present petition. Having considered the expanded record, the matter is now submitted and ready for a report and recommendation.

### *Discussion*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitions for writ of habeas corpus filed in federal court after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because the instant petition was filed in federal court after April 24, 1996, AEDPA is applicable. Section 101 of AEDPA amended 28 U.S.C. § 2244 by adding subdivision (d)(1), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. In pertinent part, Section 2244(d)(1) provides:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1998).

AEDPA's one year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's conviction became final well before AEDPA's enactment, the one year statute of limitations begins to run on AEDPA's effective date of April 24, 1996; thus, Petitioner had until *April 23, 1997,* to file a federal petition for habeas corpus, subject to the tolling provision of (d)(2), discussed below. *Calderon v. United States (Beeler),* 128 F.3d 1283, 1287–88 (9th Cir.1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have impermissible retroactive effect), *cert. denied,* —— U.S. ——, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

Under Section 2244(d)(2)'s tolling provision, the time during which a "properly filed" application for state-post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period limitation under this subsection. *Ashmus v. Calderon,* 977 F.Supp. 987, 992 (N.D.Cal.1997), citing *Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996) ("Time during which a properly filed state court application for collateral review is pending is excluded from the one-year period.").

Further, as numerous recent district courts in California have held, to calculate

the numbers of days AEDPA is "tolled" while a petitioner works his way through "collateral review" in the state court system, the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should be applied in habeas petitions filed under 28 U.S.C. § 2254. In *Houston v. Lack*, the U.S. Supreme Court held that pro se prisoners' notices of appeal are deemed filed when delivered to prison authorities for mailing to the court. 487 U.S. at 276, 108 S.Ct. 2379. This "mailbox rule" is premised on policy concerns surrounding pro se prisoners' lack of control over delays between prison authorities' receipt of the notice and its formal filing by the court. *Id.* at 273–76, 108 S.Ct. 2379. Although the Ninth Circuit has never specifically applied the "mailbox rule" in the context of Section 2254 habeas petitions, it has held that the "mailbox rule" is not limited to the filing of notices of appeal and that it is applicable to cases involving pro se prisoner litigation, see, e.g., *James v. Madison Street Jail*, 122 F.3d 27 (9th Cir.1997) (applying *Houston* rule to the filing of trust-account statements as required by 28 U.S.C. § 1915(a)(2)); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir.1995) (applying *Houston* rule to the service of a Rule 59(e) motion); *Caldwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994) (applying *Houston* rule to the filing of a Rule 50(b) motion); *Faile v. Upjohn Co.*, 988 F.2d 985, 988–89 (9th Cir.1993) (applying the *Houston* rule to the service of discovery responses); see also *Hostler v. Groves*, 912 F.2d 1158 (9th Cir.1990); and *Miller v. Sumner*, 921 F.2d 202 (9th Cir.1990) (per curiam).

The Ninth Circuit has also stated in dicta that "the adversity of interests between prisoners and prison officials central to *Houston* and its progeny ... commends extension of *Houston*'s filing exception for pro se habeas petitioners." *Caldwell*, 30

F.3d at 1201. Other district courts in California have applied the *Houston* rule in federal habeas petitions filed by pro se prisoners under 28 U.S.C. § 2254. *Lilly v. Newland*, 1998 WL 699067, 1998 U.S. Dist. LEXIS 15677 (N.D.Cal.1998); *Anthony v. Cambra*, 1998 WL 164971, 1998 U.S. Dist. LEXIS 3790 (N.D.Cal.1998); *Holmes v. Newland*, 1998 WL 730884, 1998 U.S. Dist. LEXIS 16134 (N.D.Cal.1998); *Gaines v. Newland*, 1998 WL 704418, 1998 U.S. Dist. LEXIS 15862 (N.D.Cal.1998); see also *United States v. Nguyen*, 997 F.Supp. 1281 (C.D.Cal.1998) [which applied the *Houston* rule in the filing of a 28 U.S.C. § 2255 habeas petition]. Based on the trend of the Ninth Circuit to extend the *Houston* rule to pro se prisoners beyond the context of the filing of notices of appeal, and given the flurry of recent district court cases in California extending the rule to the filing of § 2254 habeas petitions, this Court will apply the mailbox rule to calculate the tolling of the statute of limitations in this case.

Accordingly, this Court finds that petitioner is entitled to the following tolling: (1) 64 days for the petition to the San Diego County Superior Court, which was placed in the mail on April 22, 1997, and denied on June 25, 1997; (2) 21 days for the petition to the California Court of Appeal, which was placed in the mail on July 29, 1997, and denied on August 19, 1997; (3) 195 days for the petition to the California Supreme Court which was placed in the mail on September 16, 1997, and denied sometime shortly before March 30, 1998 (the date petitioner received notice of the denial) [1]; and (4) 0 days for the present federal habeas petition, which was placed in the mail by Petitioner on March 31, 1998, and *erroneously* addressed and mailed to the *wrong* court, i.e., the U.S. District Court, Eastern District; thus, it was not "properly filed" until the actual date of filing, May 4, 1998.[2] This amounts

1. As stated previously, the record lodged with this Court does not reflect the actual date the California Supreme Court denied Petitioner's habeas petition.

2. The words "properly filed," so as to trigger the tolling provisions of § 2244(d)(2), have been defined by at least two courts as: "submitted in accordance with any applicable procedural requirement, such as notice to the

to 280 days of tolling, which would bring the required filing deadline for the instant habeas petition to *January 28, 1998,* which is April 23, 1997 + 280 days. Because petitioner did not "properly file" the instant habeas petition until May 4, 1998, the petition is untimely. Even if the Court gave Petitioner the benefit of the "mailbox rule" on the incorrectly mailed federal habeas petition to the wrong district court, this would only work to toll the statute of limitations another 34 days, i.e., until March 3, 1998, and Petitioner would still be 62 days too late. The Court also notes that Petitioner has not set forth any "extraordinary circumstances" beyond his control to equitably toll the statute of limitations period. *Calderon (Beeler), supra,* 128 F.3d at 1288–89. Based on the foregoing, the petition is untimely and should be dismissed with prejudice.

### Conclusion and Recommendation

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus be *DISMISSED* with prejudice given that the petition is untimely under 28 U.S.C. § 2244(d). This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS HEREBY ORDERED** that no later than *December 19, 1998,* any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served no later than *January 20, 1999.* The parties are advised that failure to file objections within the specified time may

respondent, *correct place of filing,* and timeliness of the motion." *Holloway v. Corcoran,* 980 F.Supp. 160, 161 (D.C.Md.1997), quoting *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997) (emphasis added). Because Petitioner chose the *incorrect place of filing* when he mailed his federal habeas petition to the wrong court on March 30, 1998, he should not be entitled to the benefit of the

waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

**IT IS FURTHER ORDERED** that this Court's "Order to Respondent to Brief on the Merits" is **VACATED.**

**IT IS SO ORDERED.**

November 18, 1998.

"mailbox rule" for that particular mailing; thus, the instant habeas petition was not "properly filed" until May 4, 1998, and the statute is not tolled for that 35 days. In any event, this particular ruling is not outcome determinative since the statute of limitations had already expired before Petitioner mailed his federal habeas petition to the wrong court district court on March 30, 1998.