**Leonard TURNER, Petitioner,**

v.

**David SMITH, Respondent.**

**No. CIV.A. 98–CV–72620–D.**

United States District Court, E.D. Michigan, Southern Division.

Sept. 7, 1999.

---

Leonard Hershel Turner, St. Louis, MI, Pro se.

Carolyn M. Breen, Wayne County Prosecutor's Office, Detroit, MI, for Respondent.

## *OPINION*

DUGGAN, District Judge.

On June 14, 1998, petitioner Leonard Turner ("petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to Magistrate Judge Wallace Capel, Jr., who issued a report and recommendation ("R & R") on June 23, 1999. Magistrate Judge Capel recommended that the Court deny petitioner's application for a writ of habeas corpus "because it is barred by the one-year statute of limitations . . . ." (R & R at 6).

On July 19, 1999, petitioner filed objections to the R & R; therefore this Court reviews *de novo* those portions of the R & R that petitioner finds objectionable. *See* 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987).

### Background

On September 14, 1992, a jury convicted petitioner of first degree murder and felony firearm. The Michigan Court of Appeals affirmed petitioner's conviction on October 26, 1994. On July 19, 1995, the Michigan Supreme Court denied petitioner's application for leave to appeal. Petitioner filed the instant petition pursuant to § 2254 on June 14, 1998, nearly three years after his conviction became final.

### Discussion

Section 2244 declares that: "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244. The magistrate judge recommended that this Court dismiss plaintiff's petition because it was filed outside of the one-year statute of limitations.

■ The Antiterrorism and Effective Death Penalty Act, Pub. 1. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA") established the one-year statute of limitations at issue. The applicable statute of limitations under the AEDPA, for one whose conviction became final before the effective date of the statute, is one year from the effective date. *Brown v. O'Dea*, 187 F.3d 572, 575–77 (6th Cir.1999). Applying the one-year grace period adopted by the Sixth Circuit in *Brown*, petitioner had one-year from April 24, 1996 to file his § 2254 petition. Petitioner untimely filed his petition on June 14, 1998.

*Petitioner's Objection*

Petitioner admits that his petition was filed after the one-year statute of limitations governing his claim had expired, however he objects that the magistrate judge "did not give the petitioner the benefit of" equitable tolling. (Pet.'s Obj. at 1).

*Equitable Tolling*

■ "Equitable tolling stops the running of the statute of limitations in light of established equitable considerations." *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir.1997). The United States Supreme Court has permitted equitable tolling where the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where the claimant was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). However, neither "excusable neglect" nor ignorance of the law alone is sufficient to invoke equitable tolling. *Id.* (discussing "excusable neglect"); *Rose v. Dole*, 945

F.2d 1331, 1335 (6th Cir.1991) (regarding ignorance of the law).

■ Petitioner alleges that even though his petition was filed nearly fourteen months beyond the running of the statute, he is entitled to equitable tolling. Petitioner claims entitlement because of "helplessness" due to a lack of education "academically and legally." (Pet.'s Obj. at 4). However, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . , there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991).

■ Petitioner is not entitled to equitable tolling as he has failed to demonstrate the requisite " 'extraordinary circumstances' beyond [his] control mak[ing] it impossible to file [the] petition on time." [1] *Calderon*, 112 F.3d at 391. The Court is not persuaded that the "facts" asserted by petitioner warrant equitable tolling.[2]

Accordingly, for the reasons set forth above and for the reasons set forth by the magistrate judge in the R & R, the petition for writ of habeas corpus shall be denied.

A Judgment consistent with this Opinion shall issue forthwith.

---

1. Ignorance of the law is an insufficient basis to invoke the doctrine of equitable tolling. *See Rose*, 945 F.2d at 1335.

2. The Court also notes that if petitioner's objection was not lacking in merit, it would have been rejected procedurally as petitioner failed to file his objections within the ten-day period prescribed by FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1). *See Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 507 (6th Cir.1991).