**Jerel L. WILSON, Petitioner,**

v.

**Thomas BIRKETT, Respondent.**

No. 01–CV–74128–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 28, 2002.

Jerel L. Wilson, Grayling, MI, pro se.

### OPINION AND ORDER OF SUMMARY DISMISSAL

DUGGAN, District Judge.

Jerel L. Wilson, ("Petitioner"), presently incarcerated at the Camp Lehman Correctional Facility in Grayling, Michigan, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 10, 2001. In his pro se application, Petitioner challenges his conviction of one count of second degree murder, MICH. COMP.LAWS § 750.317; MICH.STAT.ANN. § 28.549, and one count of possession of a firearm in the commission of a felony, MICH.COMP.LAWS § 750.227b; MICH.STAT. ANN. § 28.424(2). For the reasons stated below, Petitioner's application for a writ of habeas corpus shall be summarily dismissed.

### I. Background

Petitioner was convicted in the Detroit Recorder's Court on August 15, 1989 of one count of second degree murder and one count of felony-firearm. According to Petitioner, his direct appeals ended with the state system when the Michigan Supreme Court denied him leave to appeal on December 20, 1991. *People v. Wilson,* 439 Mich. 900, 478 N.W.2d 472 (1991). Petitioner claims that he filed a post-conviction motion for relief from judgment with the Detroit Recorder's Court, which was denied in August of 1993. According to Petitioner, he did not appeal from the denial of his motion for relief from judgment, because of his lack of knowledge of the law and his inability to retain an attorney. The instant habeas petition was filed on November 10, 2001.

On November 21, 2001, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed for failing to comply with the one year statute

of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner was ordered to respond to the order to show cause within thirty days of the Court's order. However, as of this date, Petitioner has failed to respond to the order to show cause.

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that when a habeas petition is filed it "shall be examined promptly by the judge to whom it is assigned," and "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." The instant petition for writ of habeas corpus must be dismissed because it has not been filed within the applicable statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

■ Because Petitioner filed this petition after the effective date of the habeas reform law, the requirements of the AEDPA, including the statute of limitations, apply to his case. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D.Mich. 1998).

In the present case, Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied him leave to appeal on December 20, 1991. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000). Petitioner's judgment therefore became final on March 20, 1992, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d at 835. However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v.*

*Smith,* 126 F.Supp.2d 1073, 1074–1075 (E.D.Mich.2001). Therefore, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997, in order for the petition to be timely filed.[1] *Id.* at 1075. However, as the application for writ of habeas corpus was not filed until November 10, 2001, the current petition is untimely.

■ The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001). In *Dunlap,* the Sixth Circuit adopted the test for equitable tolling set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988) and indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and,

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008. The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly." *Dunlap,* 250 F.3d at 1008–1009. The Sixth Circuit concluded that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus

would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

■ In the present case, Petitioner has failed to allege any extraordinary circumstances which caused him to file the instant petition after the expiration of the statute of limitations; nor has he indicated that he has used due diligence to seek either state or federal post-conviction relief. Although Petitioner did not respond to the order to show cause, Petitioner indicated in his petition that he did not appeal from the denial of his post-conviction motion for relief from judgment because he lacked knowledge of the law and did not have funds to hire an attorney. Neither of these reasons would support the equitable tolling of the statute of limitations. A habeas petitioner is not entitled to equitable tolling of the statute of limitations due to a lack of academic and legal education. *Turner v. Smith,* 70 F.Supp.2d 785, 787 (E.D.Mich.1999). Ignorance of the law alone is not sufficient to invoke the doctrine of equitable tolling either. *Moore v. Hawley,* 7 F.Supp.2d 901, 904 (E.D.Mich. 1998). Therefore, the fact that Petitioner lacked the legal sophistication to pursue his claims is not an extraordinary circumstance that would equitably toll the statute of limitations. *Hood v. Galaza,* 47 F.Supp.2d 1144, 1148 (S.D.Cal.1999). In addition, claims that a petitioner did not have professional legal assistance are also not an extraordinary circumstance which would toll the statute of limitations. *Henderson v. Johnson,* 1 F.Supp.2d 650, 656 (N.D.Tex.1998); *see also Holloway v. Jones,* 166 F.Supp.2d 1185, 1189 (E.D.Mich.2001); *Bilodeau v. Angelone,* 39 F.Supp.2d 652, 659 & n. 1 (E.D.Va.1999). Because Petitioner has failed to allege any extraordinary circumstances that made it

---

**1.** The Court notes that Petitioner's collateral review ended prior to the April 24, 1996 enactment date of the AEDPA. Therefore, statutory tolling under 28 U.S.C. § 2244(d)(2) does not benefit Petitioner.

impossible for him to file his habeas petition on time, the Court is satisfied that he is not entitled to equitable tolling of the limitations period.

### III. ORDER

Accordingly, for the reasons set forth above, **IT IS ORDERED** that Petitioner Jerel L. Wilson's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE.** A Judgment consistent with this Order shall issue forthwith.