107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deshan JONES, Defendant-Appellant.
 No. 96-5635.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 DeShan Jones, a federal prisoner, appeals her judgment of conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Jones and three codefendants were named in a three-count indictment which charged Jones with the two counts described above. On March 13, 1995, a jury found her guilty of both counts. The district court sentenced Jones on May 1, 1996, to 120 months in prison and five years of supervised release. The judgment was entered on May 3, 1996.
 
 
 4
 On appeal, Jones argues that the evidence was insufficient to sustain a guilty verdict on either count.
 
 
 5
 Upon careful consideration, we affirm the district court's judgment because, when the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the government, a rational trier of fact could have found the essential elements of participation in a drug conspiracy proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); United States v. Johnson, 71 F.3d 539, 542 (6th Cir.1995), cert. denied, 116 S.Ct. 1338 (1996). When evaluating sufficiency of the evidence, the reviewing court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. United States v. Jackson, 55 F.3d 1219, 1225 (6th Cir.), cert. denied, 116 S.Ct. 328 (1995). Circumstantial evidence may support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. Id.
 
 
 6
 To establish a drug conspiracy, the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy. United States v. Ledezma, 26 F.3d 636, 640 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994). Proof of a formal agreement is unnecessary; a tacit or mutual understanding is sufficient. Id. Moreover, a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan. Id. The government need not show that a defendant participated in all aspects of the conspiracy and the connection between the defendant and the conspiracy need only be slight. United States v. Nesbitt, 90 F.3d 164, 167 (6th Cir.1996); Ledezma, 26 F.3d at 640. Although a defendant's mere presence at the crime scene is insufficient to establish participation in a conspiracy, her presence is a material and probative factor which the jury may consider. United States v. Hodges, 935 F.2d 766, 773 (6th Cir.), cert. denied, 502 U.S. 889 and 915 (1991).
 
 
 7
 The proof presented at trial to establish DeShan Jones's participation in the conspiracy to distribute cocaine was, as noted by the district court, slight. However, when it is viewed in the light most favorable to the government, it was sufficient to establish her guilt beyond a reasonable doubt. DeShan obviously knew the nature of the conspiracy, willingly aided codefendants Keith Jones and Herman Wilson in carrying it out, and stood to profit from the sale of at least some of the cocaine. These actions go beyond "mere presence" at the scene of the crime and support the jury's verdict.
 
 
 8
 DeShan Jones did not move for a judgment of acquittal as to the possession count. When a defendant fails to make or renew a motion for acquittal, she waives the right to contest sufficiency of the evidence on appeal and this court reviews an insufficient evidence claim only for a manifest miscarriage of justice. Nesbitt, 90 F.3d at 167; United States v. Seaton, 45 F.3d 108, 110 (6th Cir.), cert. denied, 115 S.Ct. 2012 (1995). There was no manifest miscarriage of justice in this case.
 
 
 9
 Accordingly, the district court's judgment, entered on May 3, 1996, is affirmed.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation