UNITED STATES of America,
Plaintiff–Appellee,

v.

Otis MURRAY III, Defendant–
Appellant.

No. 98–1537.

United States Court of Appeals,
Sixth Circuit.

Jan. 9, 2001.

Before JONES, MOORE, and GILMAN, Circuit Judges.

## ORDER

### I. APPRENDI VIOLATION

Movant Otis Murray III was convicted along with seven other defendants on one count of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a) and § 846. He was sentenced to 25 years in prison pursuant to 21 U.S.C. § 841(b), which categorizes lengths of prison terms based on the amount of drugs possessed. The district court did not submit to the jury the question of what quan-

tities of drugs Murray conspired to possess. Murray's conviction was affirmed by this court on May 22, 2000. *See United States v. Buchanan,* 213 F.3d 302 (6th Cir.2000). He then filed a timely petition for certiorari with the United States Supreme Court, a request that was denied in October of 2000. *See Murray v. United States,* 531 U.S. 945, 121 S.Ct. 343, 148 L.Ed.2d 276 (Oct. 16, 2000).

On June 26, 2000, following this court's entry of judgment but before the denial of Murray's petition for certiorari, the United States Supreme Court issued its opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63. Failure to comply with *Apprendi* violates a defendant's due process rights. *See id.* at 2354–56. Murray filed this motion to recall the mandate, challenging his sentence under *Apprendi.*

21 U.S.C. § 841(b) sets forth the penalties to be imposed on those who violate § 841(a). Sections 841(a) and (b) cover drug violations involving all controlled substances. Under § 841(b), a defendant who violates the statute by possessing five kilograms or more of cocaine is to be sentenced ten years to life. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). Violations involving between 500 grams and 5 kilograms of cocaine require imprisonment of 5 to 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(ii)(II). All other defendants who violate § 841(a) may not be imprisoned for more than 20 years. *See* 21 U.S.C. § 841(b)(1)(C).

■ Thus, for the purposes of *Apprendi,* "the quantity of drugs is a factual determination that significantly impacts the sentence imposed" because " § 841(b)(1)(C) provides for a maximum penalty of 20 years unless the crime involves a quantity of drugs as set forth in subsections (A) or (B)." *United States v. Page,* 232 F.3d 536, 542–43 (6th Cir.2000) (holding that a defendant's due process rights were violated when he was sentenced to 30 years imprisonment for violating § 841(a) pursuant to a court finding by a preponderance of the evidence that he possessed an amount of drugs sufficient to increase the sentence beyond that which is permitted by § 841(b)(1)(C)). Because Murray was convicted of violating § 841(a), and because the district court did not submit the question of drug quantities to the jury, any sentence imposed that was greater than 20 years would be a violation of his due process rights. *See Page,* 232 F.3d at 544–45. Murray, however, was sentenced to 25 years, so that his sentence was in violation of *Apprendi.*

## II. RECALL OF MANDATE

■ It is within the inherent powers of this court to recall a mandate. *See Calderon v. Thompson,* 523 U.S. 538, 558, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (holding that "where a federal court of appeals sua sponte recalls its mandate to revisit the merits of an earlier decision denying habeas corpus relief to a state prisoner, the court abuses its discretion unless it acts to avoid a miscarriage of justice"). Nevertheless, "the power can be exercised only in extraordinary circumstances." *Id.* at 550. Thus, in considering such a motion we should balance the concern for finality with any such extraordinary circumstances. *See BellSouth Corp. v. F.C.C.,* 96 F.3d 849, 851 (6th Cir.1996) (denying the recall of the mandate requested by BellSouth because of the perceived inaction of the FCC on remand). This court has cited a nonexhaustive list of circumstances that are extraordinary

**400**

enough to warrant a recall of a mandate, including "fraud upon the court, clarification of an outstanding mandate, and correction of a clerical mistake." *Id.* at 852.

This court has never decided if the circumstances underlying a motion to recall a mandate are sufficiently extraordinary when the United States Supreme Court issues a new rule in a separate case that affects the substantive merits of a case decided by this court but for which our judgment has not yet become final. At least one other circuit, however, has held that when an intervening Supreme Court case calls into question the "integrity" of a separate judgment, the circumstance is extraordinary enough to warrant such an extreme remedy. *See Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir.1988) ("When a decision of the Supreme Court departs in some pivotal aspects from a decision of a federal appeals court, recall of a mandate may be warranted to the extent necessary to protect the integrity of the court of appeals' prior judgment.") (quotations omitted).

"[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). This rule of retroactivity is meant to address the reality that the Supreme Court can only address the merits of a few cases, yet all similarly situated defendants are to be treated the same. *See id.* at 323. Such considerations are implicated by Murray's motion. His prosecution and appeals have been simultaneous with Apprendi's, and the rule in *Apprendi* was issued less than one month after this court's revised opinion affirming the conviction, but before the judgment had become final.

The government urges us to deny the motion because "it would confer an advantage on those defendants not otherwise available to the multitude of defendants whose appeals have become final." Government's Response at 7, n. 4. This is not an accurate characterization. First, if the government is referring to defendants whose convictions became final before *Apprendi* was handed down, the new rule would not be retroactively applicable according to *Griffith*. Conversely, those defendants whose appeals were pending but not yet argued in front of this court would still be permitted to address the challenge to their convictions under *Apprendi* on appeal. *See, e.g., United States v. Oguaju*, No. 98–2064, 2000 WL 1562823, *7–8 (6th Cir. Oct. 11, 2000) (unpublished table decision) (denying the defendant's challenge to his conviction under *Apprendi* on the merits).

■ Murray's case involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari. Rather than being numerous, such cases are relatively rare. We also note that Murray may have no other available procedures through which he may challenge the constitutionality of his sentence. His petition for certiorari has been denied. Furthermore, the Court in *Apprendi* did not indicate if the new rule would be applied retroactively for the purposes of a motion to vacate the judgment under 28 U.S.C. § 2255. Thus, it is possible that Murray would have no post-conviction remedy pursuant to *Apprendi*.

We therefore GRANT Murray's motion to recall the mandate and REMAND the case to the district court for re-sentencing consistent with this Order.