**Deshan JONES, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 00–5280.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Deshan Jones, a pro se federal prisoner, appeals the district court's marginal order

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

denying her "Motion for Issuance of COA Pursuant to Rule (A) and (B)." For the following reasons we construe the filing of her notice of appeal as a motion under 28 U.S .C. § 2244 for an order authorizing a second or successive motion to vacate under 28 U.S.C. § 2255, deny it as unnecessary, and remand to the district court for further proceedings.

A jury convicted Jones of conspiracy to distribute cocaine, and possessing cocaine with intent to distribute. The district court sentenced her on May 1, 1996, to 120 months in prison and five years of supervised release. A panel of this court affirmed her conviction in an unpublished order. *See United States v. Jones,* No. 96–5635, 1997 WL 68217 (6th Cir. Feb.18, 1997).

On January 12, 1998, Jones filed a "Motion pursuant to § 2255 and request for leave of court to supplement." This pleading presented no issues for review, but explained that Jones was trying to review her criminal records in order to file a § 2255 motion, and candidly admitted that she was attempting to protect her rights in light of the fast-approaching running of the one-year statute of limitations for filing a motion to vacate. In an order entered on June 25, 1998, the district court noted that the obvious purpose of Jones's motion was to attempt to toll the one-year statute of limitations for § 2255 actions. However, because Jones did not file a motion to proceed in forma pauperis and had taken no other action in the intervening five months, the district court denied Jones's motion and dismissed the matter. The district court subsequently denied Jones's motion to reconsider, filed along with an application for pauper status, in a marginal order on August 3, 1998. Both the district court and this court construed Jones's notice of a appeal as an application for a certificate of appealability and denied it.

This court's order was filed on July 28, 1999, in Case No. 98–6185.

On January 25, 2000, Jones filed her "Motion for Issuance of COA Pursuant to Rule (A) and (B)." Citing Fed.R.Civ.P. 60, Jones argued that she had been waiting for the district court to notify her whether she had been granted the extension she requested. Jones listed five issues she wished to present in a § 2255 motion, after pointing out that, "having yet to execute a § 2255, [she] has not been heard on the merits of the claims she wishes to address therein ." This motion was denied by marginal order on January 28, 2000. Jones filed a notice of appeal from this denial on February 14, 2000, the same day she finally filed her motion to vacate.

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended 28 U.S.C. §§ 2244 and 2255, a federal prisoner may not file a second or successive motion to vacate in the district court unless the court of appeals issues an order authorizing the district court to consider the second or successive motion. The appellate court may grant an applicant permission to file a second or successive § 2255 motion only if it can certify that the applicant has submitted:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

However, a movant need not meet this threshold requirement *unless* she is filing a second or successive motion to vacate. Jones argues that she is not.

After examining the record and, taking into consideration Jones's pro se status, we conclude that her argument has merit. *Cf. Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir.1998) (habeas petition filed after a prior petition has been dismissed for lack of exhaustion is not a second or successive petition). Jones's initial filing was, in essence, a motion for extension of time in which to file a motion to vacate. Her second pleading was a motion for relief from the judgment that construed that initial filing as a § 2255 motion. Nonetheless, until February 14, 2000, the same day she filed the notice of appeal in the instant action, Jones had never actually filed a motion to vacate sentence under § 2255. Among the issues Jones wishes to raise are facially colorable claims of ineffective assistance of counsel and illegal sentencing under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Accordingly, we construe Jones's notice of appeal as a motion for an order to authorize filing of a second or successive motion to vacate and deny the motion as unnecessary. We remand the case so that the district court may consider Jones's § 2255 motion, filed on February 14, 2000, in the first instance. The district court should determine at that time whether or not the statute of limitations should be tolled for Jones's § 2255 motion. The district court should also determine whether *Apprendi* may be retroactively applied to this case under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).