**Thomas Anthony CHANDLER,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 00–6177.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

Thomas Anthony Chandler appeals pro se from a district court order that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Chandler pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). At a hearing on June 4, 1999, he was sentenced to 210 months of incarceration and five years of supervised release. *See* 18 U.S.C. § 924(e). However, the district court's written judgment was not entered until June 15, 1999. Chandler did not file a direct appeal.

On June 9, 2000, Chandler moved to vacate his sentence under § 2255, alleging: 1) that the court erroneously counted a

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

prior Arizona conviction when it sentenced him as an armed career criminal under § 924(e); and 2) that his attorney was ineffective because he did not bring this error to the court's attention. Chandler's § 2255 motion indicated that he had been sentenced on June 4, 1999. Thus, the district court dismissed his case on July 10, 2000, as it appeared that the motion had not been filed within the applicable one-year limitations period. Chandler's motion to reconsider this judgment was denied, and he now appeals.

In relevant part, § 2255 provides that a motion to vacate the sentence of a federal prisoner must be filed within one year of "the date on which the judgment of conviction becomes final." As noted by the district court, Chandler's § 2255 motion indicates that he was sentenced on June 4, 1999. However, this date is not determinative because the final judgment in Chandler's criminal case was not entered until June 15, 1999. *See generally* Fed. R.App. P. 4(b)(1)(A)(i). Moreover, it is now clear that the limitations period did not commence until the time for filing his direct appeal had elapsed. *See Johnson v. United States*, 246 F.3d 655, 657–58 (6th Cir. 2001). Thus, Chandler's § 2255 motion was timely filed on June 9, 2000, the day on which it was given to prison officials for mailing. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999). Indeed, the motion was still timely on June 14, 2000, when it was actually filed by the district court clerk.

Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.