UNITED STATES of America,
Plaintiff,

v.

Carlos D. ATKINS, Defendant.

No. 01–2346–C/BRE, 96–20193–D.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 12, 2001.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 ORDER DENYING CERTIFICATE OF APPEALABILITY AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

DONALD, District Judge.

Defendant Carlos D. Atkins, Bureau of Prisons ("BOP") registration number 15826–076, an inmate at the Federal Correctional Institution in Memphis, filed a motion, along with a supporting memorandum, seeking leave to file out of time a motion pursuant to 28 U.S.C. § 2255.

On December 6, 1996, a federal grand jury returned a two-count indictment against Atkins. The first count charged that, on or about October 6, 1995, Atkins possessed 74.1 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count charged that, on the same date, Atkins possessed 23.3 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On February 3, 1997, defendant entered a plea of guilty to both counts of the indictment. This Court entered an order accepting defendant's change of plea on February 5, 1997. On April 25, 1997 and May 8, 1997, this Court conducted a sentencing hearing, at the conclusion of which defendant was sentenced to one hundred eighty-eight (188) months imprisonment, to be followed by four years of supervised release. Judgment was entered on May 12, 1997. The United States Court of Appeals for the Sixth Circuit affirmed defendant's sentence. *United States v. Atkins*, No. 97–5624, 1998 WL 124046 (6th Cir. Mar.12, 1998), *cert. denied*, 523 U.S. 1101, 118 S.Ct. 1572, 140 L.Ed.2d 805 (1998). The United States Supreme Court entered its order denying certiorari on April 27, 1998.

In his § 2255 motion, Atkins raised the following claims:

1) pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the quantity of drugs should have been submitted to the jury and proven beyond a reasonable doubt; and

2) his trial counsel provided ineffective assistance in violation of the Sixth

Amendment by failing to object to his designation as a career offender pursuant to United States Sentencing Guideline § 4B1.1.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia,* at 28 U.S.C. § 2244 *et seq.*) ("AEDPA"), created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The Court should consider this statute of limitations as a threshold matter. *Holloway v. Corcoran,* 980 F.Supp. 160, 161 (D.Md.1997), *app. dismissed,* 162 F.3d 1155 (4th Cir.1998); *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir.2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Atkins's conviction became final on April 27, 1998, the date on which the Supreme Court denied his petition for certiorari. *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir.2001) ("As a general rule, direct review for a federal prisoner who files a petition for certiorari with the Supreme Court concludes when the Court either denies the petition or decides the case on the merits."). Accordingly, the limitations period expired on April 27, 1999 unless one of the conditions set forth above is applicable. Atkins's motion, which is postmarked April 27, 2001, is filed precisely two years after expiration of the limitations period.

■ Atkins attempts to avoid the statute of limitations by citing to subparagraph (3). According to Atkins, the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), recognized a new substantive right that has been "made retroactively applicable to cases on collateral review." Atkins is mistaken. Even if defendant's § 2255 motion had been timely filed, *Apprendi* would not afford a basis for collateral relief. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Thus, the Sixth Circuit recently held, on the basis of *Tyler v. Cain,* —— U.S. ——, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), that *Apprendi* has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion. *In re Clemmons,* 259 F.3d 489 (6th Cir.2001). Likewise, language in two unpublished Sixth Circuit decisions suggests that *Apprendi* issues may not be raised for the first time in a timely initial motion pursuant to § 2255. *See Jones v. United States,* 3 Fed.Appx. 262, 264 (6th Cir.2001) (directing the district court to "determine wheth-

er *Apprendi* may be retroactively applied to this case under *Teague v. Lane* "); *United States v. Murray,* 2 Fed.Appx. 398, 399–400 (6th Cir.2001) (recalling mandate to permit application of *Apprendi* to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before *Apprendi* was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari") .[1]

Because *Apprendi* has not been "made retroactively applicable to cases on collateral review," consideration of Atkins's § 2255 motion is barred by the one-year statute of limitations.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. *United States v. Johnson,* 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). Defendant's motion is premature because his direct appeal is still pending and, therefore, his motion is DENIED.

■ Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight 28 U.S.C.

§ 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

*Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1073 (6th Cir.1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). *See Lyons,* 105 F.3d at 1073.

[P]robable cause requires something more than the absence of frivolity ... and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915.... [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to

---

1. The dicta in these unpublished decisions is consistent with the decisions in other circuits refusing to give retroactive application to *Apprendi. See Dukes v. United States,* 255 F.3d 912 (8th Cir.2001); *United States v. Moss,* 252 F.3d 993, 996–1001 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139, 146–51 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236–38 (9th Cir.2000); *cf. United States v. Smith,* 241 F.3d 546 (7th Cir.2001) (declining to decide whether *Apprendi* is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

deserve encouragement to proceed further.

*Barefoot,* 463 U.S. at 893, 103 S.Ct. 3383 (internal quotations and citations omitted). In this case, the defendant's claim is clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

 The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States,* 117 F.3d 949, 951 (6th Cir.1997); *cf. McGore v. Wrigglesworth,* 114 F.3d 601, 610 (6th Cir.1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford,* 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement

of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal *in forma pauperis.*

**2.** The fee for docketing an appeal is $100. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or

upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.