[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14670
Non-Argument Calendar

_____

D.C. Docket Nos. 97-04395-CV-FAM
94-00694-CR-FAM

ULYESSES HAMM, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 15, 2001)**

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Ulyesses Hamm Jr., a federal prisoner, was convicted by a jury of four counts: conspiring to import marijuana into the United States, in violation of 21 U.S.C. § 952(a) and 963 (Count I); conspiring to possess marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and § 846(Count II); possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. § 2 (Count III); and, importing marijuana into the United States, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count IV). He was sentenced in 1995 to concurrent terms of 188 months on each count to be followed by 8 years of supervised release. On appeal, we affirmed his conviction and sentence.

In 1997, Hamm filed a 28 U.S.C. § 2255 motion to vacate, which the district court denied in an order issued on June 30, 2000. On July 19, 2000, Hamm filed a motion for reconsideration, raising for the first time an Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), claim. Specifically, his claim was that because only a "detectible amount of marijuana" had been alleged in the indictment and (implicitly) found by the jury, it was unconstitutional to sentence him to more than the ten-year maximum (enhanced from five years because of a prior conviction) under 21 U.S.C. § 841(b)(1)(D) for each § 841(a) offense, and to more than the five-year maximum under 21 U.S.C. § 960(b)(4) for each § 952

2

offense. Without asking for or receiving a response for the government, the district court denied that claim on the merits.

Hamm appeals from the district court's denial of his motion for reconsideration. He contends that, in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), his sentence should be reduced to the statutory maximums provided for the least quantity of marijuana, because the indictment under which he was convicted did not allege any larger amount, and the jury did not make a finding as to drug quantity.[1] He contends that Apprendi errors are jurisdictional.

Hamm's position is foreclosed by our recent decision in McCoy v. United

---

[1] Although the district court denied this claim on the merits, the government contends that it could and should have been denied as untimely, because the claim was first raised in a motion for reconsideration that was filed outside the one-year statute of limitations. See 28 U.S.C. § 2255 (para. 6). Hamm argues that the claim was timely raised because the underlying motion was filed within the one-year limitations period, and the motion for reconsideration was filed within the time for such motions. We need not address this untimeliness issue because of our holding that the claim is barred from § 2255 review applies regardless of whether it is also barred by the statute of limitations.

For the same reason, we need not address an issue arising from the fact that Hamm raised the Apprendi claim for the first time in a motion for reconsideration after the district court had denied all the claims in his initial § 2255 motion. That issue is whether the motion for reconsideration is an impermissible attempt to circumvent the restrictions on second or successive motions that are contained in § 2255 (para. 8) and § 2244(a) - (b). If it is, the district court should have denied the motion for failure to comply with § 2244(b)(3)(A), and any application in this Court for permission to file a second motion in order to raise the Apprendi claim would have been denied because of In re Joshua, 224 F.3d 1281 (11th Cir. 2000). For present purposes only, we assume that the motion for reconsideration Hamm filed is not subject to the restrictions on second and successive motions, and we will treat his Apprendi claim as though it had been raised in the § 2255 motion he initially filed.

3

States, ___ F.3d ___, No. 00-16434 (11ᵗʰ Cir. Sept. 25, 2001), which held that

Apprendi errors are not jurisdictional, and also held that under the doctrine of

Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989), the Apprendi decision is not

retroactively applicable to cases in which the conviction became final before the

Apprendi decision was released on June 29, 2000. Hamm's conviction became

final no later than February 13, 1997 when we issued the mandate affirming his

conviction and sentence. So, his claim is Teague-barred. [2]

We realize, of course, that Hamm's Apprendi claim differs from the one in

McCoy, because the sentences imposed on Hamm exceeded the maximum

sentences for the crimes of conviction when only a detectable amount of the drug

is involved (and his indictment alleged in each count only "a detectible amount of

marijuana'). [3] In other words, Hamm's claim might be meritorious under Apprendi

---

[2] Hamm argues that we should not apply the Teague bar because the government did not raise it in a timely fashion. Of course, the government did not raise any defenses to the Apprendi claim in the district court, because the court denied the claim on the merits without a response from the government. In any event, as the McCoy opinion establishes, ___ F.3d at ___, this Court can and should apply the Teague bar to Apprendi claims even when that defense was not raised in the district court. See also Spaziano v.Singletary, 36 F.3d 1028, 1041 - 42 n.5 (11th Cir. 1994).

[3] In his reply brief, shifting from the position he took in the district court, Hamm argues that for Counts II and III the maximum sentence to which he should have been exposed is not the ten years (enhanced from five years because of a prior conviction) set out in 21 U.S.C. § 841(b)(1)(D), but because of §§ 841(b)(4) and 844, the appropriate maximum sentence for those counts is one year. He cites United States v. Lowe, 143 F.Supp.2d 613 (S.D.W.Va.)(2000), in support of that position. Putting aside the fact that Hamm did not raise this contention until he filed his reply brief, it is just as Teague-barred as the earlier version of his Apprendi claim relating to those counts.

4

if the rule of that decision was available to him. But the <u>Teague</u> bar applies without regard to the merits of the underlying claim, or that doctrine would have no function and meaning. The effect of <u>McCoy</u>'s holding that <u>Apprendi</u> is not retroactively applicable to cases on collateral review – or more accurately, that <u>Apprendi</u> is not applicable to cases in which the conviction had become final before that decision was released – is to bar all <u>Apprendi</u> claims in such cases whether or not they are meritorious.[4]

**AFFIRMED.**

---

[4]The government did not argue procedural default in this case, and in view of our decision that the <u>Apprendi</u> claim is <u>Teague</u>-barred, we have no need to address that issue, anyway.