**UNITED STATES of America,
Plaintiff,**

v.

**Johnny Ray JACKSON, Defendant.**

**Nos. CV. 01–2404–D/V, CR. 99–20171–D.**

United States District Court,
W.D. Tennessee,
Western Division.

May 31, 2002.

Vivian R. Donelson, U.S. Atty's Office, Memphis, TN, for Plaintiff.

Johnny Ray Jackson, Yazoo City, MS, pro se.

ORDER CONSTRUING IRREGULAR MOTION AS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255 ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 ORDER DENYING CERTIFICATE OF APPEALABILITY AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

DONALD, District Judge.

Defendant Johnny Ray Jackson, Bureau of Prisons ("BOP") inmate registration number 26600–076, an inmate at the Federal Correctional Institution at Yazoo City, Mississippi, filed a *pro se* motion styled as "Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Rehabilitation Efforts," which this Court construes as a motion pursuant to 28 U.S.C. § 2255. On April 18, 2002, the Clerk filed an irregular document in the closed criminal case styled, "Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Jones, Castillo, Glover, and Apprendi et. all [sic] and Memorandum Brief in Support." The Court CONSTRUES Jackson's April 18, 2002 filing as a supplemental brief in support of his § 2255 motion. The Clerk is ORDERED to remove Jackson's April 18, 2002 filing from his closed criminal case and to docket it as filed in connection with his § 2255 motion.

On July 19, 1999, a federal grand jury returned a two-count indictment against Jackson. The first count charged Jackson with arson, in violation of 18 U.S.C. § 844(i), in connection with a fire that damaged or destroyed the building of Club 616 in Memphis on August 23, 1994. The second count charged Jackson with arson, in violation of 18 U.S.C. § 844(i), in connection with a fire that damaged or destroyed the building of Friends in Memphis on January 4, 1995.

On October 28, 1999, Jackson appeared before this Court to enter a guilty plea to both counts of the indictment. On November 3, 1999, this Court issued an order accepting the change of plea. This Court conducted a sentencing hearing on January 24, 2000, at which time Jackson was sentenced to concurrent terms of seventy (70) months imprisonment on each count, to be followed by a three-year period of supervised release.[1] Judgment was entered on January 25, 2000. Pursuant to a motion by the defendant, an amended judgment was entered on March 28, 2000.

Jackson did not take a timely direct appeal. Instead, on October 20, 2000, Jackson filed a document styled, "Notice of Motion to Appeal," in which he stated that he had only recently learned that his counsel had failed to take a direct appeal.[2] On January 29, 2001, the United States Court of Appeals for the Sixth Circuit issued an order dismissing the appeal for lack of jurisdiction. *United States v. Jackson,* No. 00–6431 (6th Cir. Jan. 29, 2001).

---

1. In each case, the offense of arson was assigned a base offense level of 24, which requires a finding that the offense "created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly." United States Sentencing Guideline ("U.S.S.G.") § 2K1.4(a)(1)(A). Pursuant to U.S.S.G. § 3D1.4, the offense level was increased by two levels to reflect the combined offense level of the two arson counts, resulting in an offense level of 26. After receiving a three-level reduction for acceptance of responsibility, Jackson had an offense level of 23. Based on his criminal history score of IV, the guidelines called for a sentencing range between seventy (70) and eighty-seven (87) months imprisonment.

2. On November 8, 2000, Jackson filed another motion styled, "Motion to Rescind an Order of Restitution," which appears to be an attempt to appeal the judgment entered in the criminal case.

In his initial § 2255 motion, Jackson raised the following claims:[3]

1. The sentence imposed was inconsistent with the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because

a) no evidence was presented that the crime had an effect on interstate commerce; and

b) there was no basis to conclude that the defendant knowingly created a substantial risk of death or serious bodily injury to any person other than a participant in the crimes;

2. The prosecution, or the probation officer, withheld evidence favorable to the defendant in order to obtain a longer sentence;[4]

3. The Court erred in its application of the sentencing guidelines by applying a base offense level of 24;

4. Defendant should have been advised "that he had the rights to rehabilitation, booth [sic] camp, vocational training or alternative sentencing programs; and

5. Defendant's sentence should be reduced because of his rehabilitation."

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia,* at 28 U.S.C. § 2244 *et seq.*) ("AEDPA"), created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The Court should consider this statute of limitations as a threshold mat-

ter. *Holloway v. Corcoran,* 980 F.Supp. 160, 161 (D.Md.1997), *app. dismissed,* 162 F.3d 1155 (4th Cir.1998); *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir.2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

■ "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir.2001). When a defendant does not take a direct appeal, then, the limitations period for the filing of a § 2255 motion commences to run when "the time for filing his direct appeal had elapsed." *Chandler v. United States,* 22 Fed.Appx. 399 (6th Cir.2001).

In this case, the judgment was entered on January 25, 2000 and, therefore, Jack-

---

**3.** The effect of Jackson's April 18, 2002 supplemental memorandum will be discussed *infra.*

**4.** In particular, Jackson contends that he entered his guilty plea because he was told that

if he went to trial he would receive a sentence from twenty-five (25) to seventy-five (75) years. Jackson also suggests that, if he had access to the grand jury transcripts, he might discover evidence of misconduct.

son's conviction became final on February 4, 2000, the last day on which he could have filed a notice of appeal. Fed. R.App.P. 4(b)(1)(A)(i).[5] Accordingly, the limitations period expired on February 5, 2001 unless one of the conditions set forth above is applicable.[6] Jackson's motion was filed on May 23, 2001, the day on which it was deposited in the after hours depository maintained by the Clerk's office,[7] and it would, therefore, appear to be untimely. Jackson concedes as much in his supplemental memorandum, in which he urges this Court not to construe his filings as a § 2255 motion.

■ Before leaving this issue, however, it is necessary to consider the effect of Jackson's belated "Notice of Motion to Appeal" on the running of the limitations period for the filing of a § 2255 motion. This Court has been unable to locate any decisions addressing this issue in connection with a § 2255 motion, although the Sixth Circuit has held that the filing of a delayed Rule 33 motion does not toll the running of the one-year limitations period for the filing of a § 2255 motion. *Johnson*

*v. United States,* 246 F.3d 655 (6th Cir. 2001). Likewise, in *Starnes v. United States,* 14 Fed.Appx. 569, 571 (6th Cir. 2001), another case in which the Sixth Circuit affirmed a decision refusing to toll the § 2255 limitations period during the pendency of a Rule 33 motion for a new trial, the Sixth Circuit explained the reasoning for their holding as follows:

> First of all, Petitioner's conviction was already final before he filed his untimely Rule 33 motion for a new trial. Therefore, the filing of that motion and the subsequent appeal of its denial could not have tolled the statute of limitations. Furthermore, it is not clear, and Petitioner does not argue, that the pendency of his appeal of the denial of his Rule 33 new trial motion from July 5, 1996 to May 6, 1998 prevented him from filing a § 2255 motion. Thus, while Petitioner did seek a new trial pursuant to Rule 33, he did not diligently pursue his right to habeas relief.

The Court finds the reasoning in *Starnes* to be applicable here. Accordingly, the filing of Jackson's "Notice of Motion to Appeal" did not toll the running of the limitations period.[8] Accordingly, Jackson's

**5.** The transcript of the sentencing hearing indicates that this Court advised Jackson of his right to appeal and that any notice of appeal form be filed within ten days. 5/24/00 Tr. at 37–38.

**6.** As previously noted, an amended judgment, which included a recommendation to the BOP recommending shock incarceration, also known as boot camp, for Jackson. At the time this amended judgment was entered, Jackson's time for taking a direct appeal of his sentence had already expired. Although it seems unlikely that the entry of the amended judgment would serve to revive Jackson's right to take a direct appeal with respect to issues that were reflected in the original judgment, it is not necessary for this Court to resolve the issue because, even if Jackson's conviction became final on March 28, 2000, this motion is still untimely.

**7.** Ordinarily, a § 2255 motion will be deemed to have been filed on the date on which it was received by the prison mailroom. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In this case, however, the motion is not accompanied by the necessary certification. Moreover, it appears that Jackson did not mail his motion but, rather, had someone deliver it to the courthouse.

**8.** The Sixth Circuit's decision in *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir.2000), which held that the running of the limitations period for filing a petition pursuant to 28 U.S.C. § 2254 was tolled while the petitioner's motion to reopen his direct appeal was pending in state court, is of no assistance to Jackson. In *Bronaugh,* the Sixth Circuit held that the motion was part of the direct appeal process under Ohio law. *Id.* at 285–86. This Court has been unable to locate any authority for the

motion is barred by the statute of limitations unless one of the conditions set forth above is applicable.

■ The only provision that is even potentially applicable is paragraph (3), and that provision is, at best, applicable only to the first of Jackson's claims, which relies on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, this Court can consider the merits of Jackson's first claim only if *Apprendi* recognized a new substantive right that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. That standard has not been satisfied. Even if Jackson's § 2255 motion had been timely filed, *Apprendi* would not afford a basis for collateral relief. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Applying that standard, the Sixth Circuit recently held, in an unpublished decision, that the Supreme Court's decision in *Apprendi* is not retroactively applicable to cases on collateral review. *Goode v. United States,* No. 01–1340, 2002 WL 987905, 39 Fed.Appx. 152 (6th Cir. May 10, 2002); *see also Oleson v. United States,* 27 Fed.Appx. 566, 568 (6th Cir. 2001) (district court did not abuse its discretion in denying a motion to amend a § 2255 motion to assert an *Apprendi* claim because amendment would have been futile); *Snyder v. United States,* 23 Fed. Appx. 212, 213 (6th Cir.2001) (upholding

dismissal of § 2255 motion because, *inter alia,* "*Apprendi* may not be applied retroactively"); *Jones v. United States,* 3 Fed. Appx. 262, 263 (6th Cir.2001) (directing the district court to "determine whether *Apprendi* may be retroactively applied to this case under *Teague v. Lane*"); *United States v. Murray,* 2 Fed.Appx. 398, 399 (6th Cir.2001) (recalling mandate to permit application of *Apprendi* to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before *Apprendi* was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); *see also In re Clemmons,* 259 F.3d 489 (6th Cir.2001) (holding, on the basis of *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), that *Apprendi* has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion); *White v. Lamanna,* No. 01–4051, 2002 WL 857739, at *2, —— Fed.Appx ——, —— (6th Cir. May 3, 2002) (applying *Tyler* and *Clemmons* to deny consideration of an *Apprendi* issue raised in a petition pursuant to 28 U.S.C. § 2241); *Perkins v. Thomas,* 23 Fed.Appx. 256 (6th Cir.2001) (same).[9]

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In *Dunlap v.*

---

proposition that a belated motion to permit a direct appeal tolls the running of the limitations period for the filing of § 2255 actions.

9. These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to *Apprendi. See Hamm v. United States,* 269 F.3d 1247 (11th Cir.2001); *Dukes v. United States,* 255 F.3d 912 (8th Cir.2001); *United States v. Moss,* 252

F.3d 993, 996–1001 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139, 146–51 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236–38 (9th Cir.2000); *cf. United States v. Smith,* 241 F.3d 546 (7th Cir.2001) (declining to decide whether *Apprendi* is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

*United States*, 250 F.3d 1001, 1004 (6th Cir.2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008.

■■■■ Equitable tolling is inappropriate in this case. Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling. *Brown v. United States*, 20 Fed.Appx. 373, 374 (6th Cir.2001) ("Ignorance of the limitations period does not toll the limitations period."). Moreover, the Government, which has an interest in bringing finality to criminal convictions, would suffer prejudice if defendant were permitted to file an untimely § 2255 mo-

tion in the absence of truly extraordinary circumstances.[10]

■■■■ The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. *United States v. Johnson*, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.1986). Defendant's conviction and sentence are valid and his motion is DENIED.[11]

This Court will, however, briefly consider Jackson's contention that his April 18, 2002 supplemental motion should be treated as a motion pursuant to 18 U.S.C. § 3582(c). In that supplement, Jackson contends that, in light of *Apprendi*, this Court erred by applying a preponderance of the evidence standard to the issue of whether Jackson knowingly creating a risk of harm to another person. Jackson also argues, on the basis of *Apprendi* and of

**10.** Although this Court ordinarily does not address the merits of claims that are time barred, it is perhaps worth briefly noting that Jackson's most substantive claim, that this Court erred in finding that the offense "created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly," U.S.S.G. § 2K1.4(a)(1)(A), is not a proper subject for a § 2255 motion. *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996); *see also United States v. Lankford*, Nos. 99–5870, 99–6075, 2000 WL 1175592, at *1 (6th Cir. Aug.9, 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); *United States v. Norfleet*, No. 98–1311, 1999 WL 1281718, at *5 (6th Cir. Dec.28, 1999) ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors."); *Hunter v. United*

*States*, 160 F.3d 1109, 1114 (6th Cir.1998) ("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal.").

**11.** The defendant cannot avoid the statute of limitations by asking this Court to construe his motion as a habeas petition pursuant to 28 U.S.C. § 2241. Habeas relief is unavailable to federal prisoners "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The § 2255 remedy is not rendered inadequate or ineffective because the one-year statute of limitations has expired. *Charles v. Chandler*, 180 F.3d 753, 758 (1999) (per curiam).

various other decisions issued prior to *Apprendi*, that the element of knowingly creating a risk of harm to another person should have been alleged in the indictment and proven beyond a reasonable doubt.

■ The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Jackson is not entitled to relief pursuant to 18 U.S.C. § 3582(c), which provides as follows:

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of

Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Director of the BOP has not moved for a reduction of the defendant's sentence under § 3582(c)(1)(A), and the remaining provisions of § 3582(c) are entirely inapplicable. Although Jackson cites the Supreme Court's decision in *Apprendi*, the statutory requirement for relief under § 3582(c)(2), that the defendant's sentence be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)," has not been satisfied. Moreover, as noted previously, *Apprendi* is not retroactively applicable to cases on collateral review. Finally, to the extent Jackson contends that this Court erred in its application of the sentencing guidelines, that claim could only be raised on direct appeal.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

■ *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of *Barefoot v. Estelle*, 463 U.S. 880, 893,

103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). *See Lyons*, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity ... and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915.... [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot*, 463 U.S. at 893, 103 S.Ct. 3383 (internal quotations and citations omitted). In this case, the defendant's claim is clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir.1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917,[12] the prisoner must seek permission from the district court under Fed. R.App.P. 24(a). *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed.R.App.P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.

---

12. The fee for docketing an appeal is $100. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.